Barnard, P. J.
The claim which was allowed by the executor seems to be very imperfectly proven. He was the son of the testator and had lived on his premises for many years before his father’s death. A butcher business had. been carried on there and it is impossible to tell upon what principle as between father and son, from the testimony of the son. The father made no agreement for the rent with the son. He was to have what meat he wanted and what money. No account was kept of either meat or money until twelve years ago and then of money only. There was no new agreement made then and no reason given why any change was made in respect to the money. The executor testifies that he kept a book for twelve years of the money, but the book is forgotten by him and a transcript is produced and the record shows the following:
Q. You have said that the paper is a transcript from your book?
A. Yes.
Q. Amounting to $116.91.
A. Yes, sir. ■
Q. That’s never been paid to you or any part of it?
A. No, sir.
This is all-the proof in respect to this bill and the transcript covers a period of half a year from December, 1883, to May, 1884. I do not consider the account proven. The claim of. Mrs. Bell was fairly proven for some amount.
She was a grand-daughter of the deceased and had been brought up in his family.
The testator was old and feeble and his deceased wife’s sister kept house for him.
She died and the testator requested his grand-daughter to come and take care of him.
She was married and left her husband to go and keep house for the deceased.
Her husband visited her occasionally at the house of the *880 deceased. The services she rendered were to a helpless old man of the very highest value. He had near him a person he loved and she did what only one so near to him would do.
The case is not unlike Markey v. Brewster, 10 Hun, 16; 70 N. Y., 607. There a daughter left her family to attend her father and make one of his family equally with Mrs. Bell, but she was decreed to stand upon contract and not to form one of the family.
Upon both grounds the judgment should be reversed with costs to appellant out of the estate.
Dykman and Pratt, JJ., concur.